# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTA CONNOR, | 1:10-cv-01967-AWI-GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED |
| v. | |
| STATE OF CALIFORNIA, et al., | (Doc. 24.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

_____/

## I.    BACKGROUND

Augusta Connor ("Plaintiff") is a former state prisoner proceeding with counsel in this civil action.  This action now proceeds on Plaintiff's original Complaint filed on October 20, 2010, against defendants State of California, Valley State Prison for Women ("VSPW"), T. Hornbeck , Brett Morgan, Sharon Aungst, and the California Department of Corrections ("Defendants"), for violation of Plaintiff's rights under the Americans with Disabilities Act, the Rehabilitation Act, and California's Disabled Persons Act.  (Doc. 1.)

On February 14, 2011, Defendants filed a motion to dismiss this action under Rule 12(b) for failure to exhaust administrative remedies.  (Doc. 24.)  On February 28, 2011, Plaintiff filed an opposition to the motion.  (Doc. 25.)  On March 16, 2011, Defendants filed a reply to Plaintiff's opposition. (Doc. 28.)  Defendants' motion is now before the Court.

## II.   PLAINTIFF'S CLAIMS AND ALLEGATIONS

Plaintiff was incarcerated at VSPW in Chowchilla, California, between June 2009 and January 2010.  Plaintiff's Complaint arises from a fall she took in the shower at VSPW on or about September 13, 2009, causing injury to her knees and back.  Plaintiff, who is physically disabled, claims that Defendants failed to provide her with appropriate access to VSPW prison facilities due to architectural barriers including inaccessible toilets lacking required grab bars, and inaccessible shower facilities lacking both grab bars and shower seats.  Plaintiff requests monetary damages, injunctive relief, attorneys' fees, expenses of litigation, and costs of suit.

## III.   UNENUMERATED RULE 12(b) MOTION TO DISMISS FOR FAILURE TO EXHAUST

Defendants argue that this action should be dismissed because Plaintiff failed to exhaust her administrative remedies before filing suit.

### A.   Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal."  Id. at 83-84.

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions.  42 U.S.C. § 1997e(a).  The Booth court held that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action.  Booth, 532 U.S. at 732.  "The meaning of the phrase

'administrative remedies ... available' is the crux of the case." Id. at 731.  In discussing the meaning of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the procedural avenue leading to some relief." Id. at 738. (emphasis added.)  Thus, the court determined that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*. Id. at 738-739.  (emphasis added.)   It follows, then, that if an inmate exhausts the process that is made available to him, he has satisfied the requirement of the statute.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d, 1108, 1119 (9th Cir. 2003).  *"*[T]here can be no 'absence of exhaustion' unless *some* relief remains 'available.'" Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). "[A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of relief already granted as a result of that process." Id. at 936-37.  Therefore, if some remedy is available, Plaintiff has not exhausted her remedies.

The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### B.   CDCR's Administrative Grievance System

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints.

Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

**C.**     **Parties' Positions**

Defendants argue that Plaintiff failed to exhaust her remedies because she failed to appeal her administrative complaint concerning the needed accommodations and accessibility to the third and final level of the administrative process.  In opposition, Plaintiff argues that she exhausted the remedies available to her before she was released on parole from VSPW, and after she was released, any attempt to further comply with the appeal process would have been futile because her medical care and treatment were no longer in the hands of the prison system. Defendants reply that further remedies were available to Plaintiff at VSPW, which she failed to exhaust, and under Title 15, section 3084.1 of the California Code of Regulations, she was required to continue to follow the CDCR's appeal process and exhaust remedies while on parole.

**D.**     **Discussion**

In 2009, the Ninth Circuit "join[ed] her sister circuits in holding that only those prisoners who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)."  Talamantes v. Leyva, 575 F.3d 1021, 1024. (9th Cir. 2009).  The court held that the language of § 1997e(a) is "plain and ambiguous-the exhaustion requirement applies only to 'prisoners.'"  Id. at 1023.  Section 1997e(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused or, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42

4

1  U.S.C. § 1997e(h); <u>Talamantes</u> at 1023.

2        The parties do not dispute that Plaintiff was released on parole from VSPW on January 2,

3  2010.  Plaintiff filed the present lawsuit on October 20, 2010, after she was released on parole.

4  (Court Record, Doc. 1.)  There is no evidence that Plaintiff was incarcerated or detained in any

5  facility at the time she filed the present lawsuit.  Thus, there is no evidence that Plaintiff was a

6  "prisoner" for purposes of § 1997e(a) at the time she filed the present lawsuit.

7        Defendants' argument that § 3084.1 requires "any inmate or parolee under the

8  department's jurisdiction" to follow and exhaust CDCR's appeal process is without basis.

9  Section 3084.1(a) provides that an "inmate or parolee under the department's jurisdiction *may*

10  appeal." Cal. Regs., tit. 15 § 3084.1(a) (emphasis added).  The Court finds no language in §

11  3084.1 which requires a parolee to exhaust administrative remedies.

12        Because there is no evidence that Plaintiff was a prisoner within the meaning of §

13  1997e(h) at the time she filed this lawsuit, the Court cannot find that she is subject to the

14  exhaustion requirement under § 1997e(a) in this action.  Therefore, the Court shall recommend

15  that Defendants' motion to dismiss be denied.

16  **IV.    CONCLUSION AND RECOMMENDATIONS**

17        Defendants have not met their burden of demonstrating that this action should be

18  dismissed based on Plaintiff's failure to exhaust her remedies prior to filing suit, in compliance

19  with § 1997e(a).  Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to

20  dismiss, filed on February 14, 2011, be DENIED.

21        These Findings and Recommendations will be submitted to the United States District

22  Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within

23  thirty (30) days after being served with a copy of these Findings and Recommendations, any

24  party may file written objections with the Court and serve a copy on all parties.  Such a document

25  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

26  ///

27  ///

28  ///

parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**      **April 27, 2011**                                **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE