# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

AUGUSTA CONNOR,                          1:10-cv-01967-AWI-BAM

        Plaintiff,              ORDER ON PLAINTIFF'S EVIDENTIARY
                                         OBJECTION NO. 4 (Doc. 44, Attach. 2);
    v.                                 ORDER GRANTING PLAINTIFF LEAVE TO
                                         FILE SURREPLY BRIEF
STATE OF CALIFORNIA, et al.,

        Defendants.

_____/


    Plaintiff is a former state prisoner who is challenging the disability accommodations she received while incarcerated.  Between June 2009 and January 2010, Plaintiff was incarcerated at the Valley State Prison for Women ("VSPW").  Plaintiff's Complaint arises from a fall she took in the shower at VSPW on or about September 13, 2009, causing injury to her knees and back.  Plaintiff, who is physically disabled, claims Defendants failed to provide her with reasonable accommodations, including a high rise toilet and shower facilities with grab bars and a fixed shower bench.

    Currently before the Court is Defendants' motion for summary judgment on Plaintiff's claims.  (Doc. 42.)  Plaintiff filed an opposition on October 4, 2012.  (Doc. 44.)  Defendants filed their reply brief on October 15, 2012. (Doc. 45.)  The Court has conducted a preliminary review of Defendant's motion for summary judgement, Plaintiff's opposition and evidentiary objections,

1   Defendant's reply brief, as well as the declarations and exhibits related thereto.

2       In their moving papers, Defendants attached the medical report of Dr. Nagabhushana

3   Malakkla in support of their position that Defendants provided reasonable accommodations to

4   Plaintiff. (Doc. 42, Attach. 11.) Plaintiff objected to the introduction of this evidence as hearsay.

5   (Doc. 44, Attach. 2)

6       The Court SUSTAINS Plaintiff's hearsay objection to the medical report of Dr.

7   Nagabhushana Malakkla.    (Doc. 42, Attach. 11; Doc. 44, Attach. 2.)  Dr. Malakkla's report is an

8   out-of-court statement by witnesses offered for the truth of its contents.  As the report does not

9   fall within an exception identified in Fed. R. Evid. 803, it must be excluded pursuant to Fed. R.

10  Evid. 802. *See, Hunt v. City of Portand,* No. 11-35600, 2012 WL 5351227 at *2 (9th Cir. 2012)

11  ("With respect to the expert's written report, we conclude that the report is hearsay to which no

12  hearsay exception applies"); *See also Pack v. Damon Corp.,* 434 F.3d 810, 815 (6th Cir. 2006)

13  (" . . . the [expert] Report is unsworn and thus is hearsay, which may not be considered on a

14  motion for summary judgment.")

15      To cure this improper evidence, Defendants have attached the sworn declaration of Dr.

16  Malakkla in their Reply Brief.[1]  (Doc. 45Attach. 1.)  Defendants argue that Dr. Malakkla was out

17  of the country in the weeks before the dispositive motion deadline, and Defendant could not

18  obtain his declaration due to his unavailability.[2]  While courts often are reluctant to consider facts

19  introduced for the first time in a reply brief, *see Provenz v. Miller*, 102 F.3d 1478, 1483 (9th

20  Cir.1996), *cert. denied*, 522 U.S. 808, 118 S.Ct. 48, 139 L.Ed.2d 14 (1997), courts have

21  discretion to do so.  *See Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1201 (9th Cir. 2001).

22      Dr. Malakkla's declaration is substantively identical to his medical report, and

23  Defendants could not have procured Dr. Malakkla's testimony when they filed their motion for

24  summary judgment.  *Compare,* Doc. 42. Attach. 11, *with* Doc. 45, Attach. 1.  The declaration of

25  Dr. Malakkla is identical to Dr. Malakkla's medical report, with the exception of paragraphs 1

26

27      [1]  Defendants anticipated this evidentiary concern, and in their motion for summary judgment and reply
    brief, Defendants requested leave to submit the sworn declaration of Dr. Malakkla.  (Doc. 42, Attach. 6, ¶ 7; Doc.
28  45, 2: 5-15.)

        [2] *See,* Doc. 41 (establishing the dispositive motion deadline as September 3, 2012.)

and 15.  Paragraph 1 is Dr. Malakkla's current position with CDCR, and paragraph 15 is Dr. Malakkla's sworn statement that he was out of the country and unavailable to sign his declaration when the motion was due.

As Plaintiff's claims fall under the Americans With Disabilities Act and related disability statutes, medical opinion testimony - specifically, the testimony of Dr. Malakkla, who was the only medical doctor to opine on Plaintiff's condition - is crucial.  Accordingly, there is good cause to consider Dr. Malakkla's declaration, filed with Defendants' reply brief.  (Doc. 45, Attach. 1.)

On balance, the Court finds that any prejudice is minimal, as the Malakkla declaration is substantively identical to the opinions in his expert report.  This prejudice, however, can be cured by permitting Plaintiff to file a surreply brief.  Accordingly, the Court GRANTS Plaintiff permission to file a surreply to Defendant's reply brief no later than December 10, 2012.  The surreply brief shall not exceed 10 pages in length.

IT IS SO ORDERED.

Dated:   **November 20, 2012**            _____/s/ **Barbara A. McAuliffe**_____
                                        UNITED STATES MAGISTRATE JUDGE